Richard S. Heller, J.
This claim is for personal injuries sustained by the claimant in an accident when the farm tractor he was riding was struck by an automobile owned by the State and operated by one of its employees.
The accident out of which the claim arose occurred on Route No. 414 near Hector, Schuyler County, New York, on July 11, 1956, at about one o’clock in the afternoon. Route No. 414 is a macadam road, 22 feet wide, and runs generally north and south. The weather was clear and the road was dry.
Claimant was operating a tractor southerly with an ultimate destination of the south driveway of a farm owned by one Wickham located on the east side of the road. As he neared this driveway he stated that there was no northbound traffic. After looking to his rear and observing no oncoming traffic, he slowed down and started to turn to his left to cross the highway and enter the farmyard.
As claimant drove his tractor to a point where the tractor was east of the center line of the highway, he was alerted to the impending crash by the screeching of tires. He attempted to turn back to the right, but the right front of the car struck the left rear of the tractor. The tractor continued to the right and off the west side of the highway, and the claimant was thrown as the tractor went over an embankment.
The driver of the State car stated that he saw the tractor for about 1,000 feet; that he first slowed down and then accelerated to pass the tractor. He further stated that he saw no signal given by the claimant. As the driver swung into the passing lane, he testified that claimant turned left. The driver applied the brakes and kept in the passing lane until the collision.
Sharply disputed was the speed of the car; whether or not the horn was sounded; and whether or not claimant ever looked to his rear. The court resolves each to favor the claimant.
Upon all of the evidence the court is of the opinion that the operator of the State vehicle under all existing conditions failed to properly drive and safely and adequately control his auto *188 mobile; that such failure constituted negligence which was the sole proximate cause of the accident in which claimant was injured and suffered damages. It follows that the claimant was free of any negligence that contributed to the accident.
At the time of the accident the claimant was a man 55 years of age, a farmer used to heavy manual labor. He had suffered an injury to his back in 1954 but stated he suffered no ill effects from such previous injury although X rays showed existing arthritis. Claimant was prevented from working for a period of about 10 days and claims he is unable to do all the work he formerly was able to do. The injuries consisted of an aggravation of hypertrophic arthritis, which limits motion and is painful.
Special damages amount to $289. No allowance for damages claimed by the inability of the claimant to harvest crops is made.
Claimant has been damaged in the sum of $3,489 in full for all damages suffered, past, present, and future and is entitled to a judgment in that amount.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.